**July 13, 2016**

In re Sheri Speer, No. 3:16-cv-312 (RNC)

**ORDER granting [7] Motion to Dismiss Appeal.**

    Bankruptcy debtor Sheri Speer, proceeding pro se, seeks review of a bankruptcy court order denying a motion to strike an amended complaint filed by Seaport Capital Partners, LLC in an adversary proceeding.  Ms. Speer moved to strike the amended complaint on the ground that it constituted a "shotgun pleading." Seaport moves to dismiss the appeal on the ground that the order denying the motion to strike is interlocutory and not properly subject to review at this time.  I agree and therefore grant the motion to dismiss.

    Under 28 U.S.C. § 158(a)(1), district courts have jurisdiction over appeals "from final judgments, orders, and decrees" of bankruptcy courts.  Id.  Orders on motions to strike are interlocutory.  See In re Adirondack Ry. Corp., 726 F.2d 60, 62 (2d Cir. 1984). Accordingly, appellate jurisdiction is not available under § 158(a)(1).

    Ms. Speer contends that the order is appealable under the the collateral order doctrine, which permits interlocutory review of a "'small class'" of collateral orders that "resolve[] 'claims of right separate from, and collateral to, rights asserted in the action' that are 'too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Ernst v. Carrigan, 814 F.3d 116, 119 (2d Cir. 2016) (quoting Will v. Hallock, 546 U.S. 345, 349 (2006)).  "Such an order must '[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment.'"  Id. (quoting Will, 546 U.S. at 349).  The order at issue here does not conclusively determine a disputed question of fact or law.  Nor does it resolve an important question separate from the merits.   It merely declines to find a pleading defect sufficient to justify striking the amended complaint.

    Ms. Speer also contends that the order is appealable under 28 U.S.C. § 158(a)(3), which authorizes district courts to grant leave to appeal from interlocutory orders of the bankruptcy courts.  Leave to appeal under this statute is governed by the same standard that applies to interlocutory appeals of district court orders under 28 U.S.C. § 1292(b).  Under this standard, leave to appeal may be granted only if the order (1) involves a controlling question of law (2) as to which there is substantial

ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.  See In re Enron Corp., 316 B.R. 767, 771-72 (S.D.N.Y. 2004).  All three factors must be present.  Id. at 772.  None is present here.  Whether the amended complaint should be stricken on the ground that it constitutes a "shotgun pleading" is not a "controlling question of law" in the sense that reversal of the order would terminate the action; even if the amended complaint were to be stricken on this basis, Seaport could still replead.  Substantial ground for difference of opinion does not exist with regard to this issue because the Bankruptcy Court appears to have acted well within its discretion in rejecting the argument that the amended complaint constitutes a "shotgun pleading."[1]  An immediate appeal would be more apt to delay rather than advance the ultimate termination of the litigation by stalling the case at the pleading stage.  And no exceptional circumstances are presented that could justify a departure from the final judgment rule.

Accordingly, the motion to dismiss is hereby granted.  The Clerk may close the case.

So ordered.

                              /s/ RNC
                         Robert N. Chatigny
                      United States District Judge

---

[1] The amended complaint is ten pages long and contains thirty-one numbered paragraphs.